USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1033 UNITED STATES, Appellee, v. DAVID RIVERA, A/K/A KENNETH BAKER, A/K/A CHRISTOPHER TOLAN, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Francis J. Boyle, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Circuit Judge, _____________ Cyr, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Robert A. Strumwasser on brief for appellant. _____________________ Sheldon Whitehouse, United States Attorney, on brief for ___________________ appellee. ____________________ December 10, 1997 ____________________ Per Curiam. Upon careful review of the briefs and __________ record, we find no reason to overturn defendant's sentence.  Defendant did not alert the district court to any alleged breach of the plea agreement, and so we review defendant's appellate allegation for plain error only. No plain error appears. Under the written plea agreement, the government's obligation not to oppose the decrease for acceptance of responsibility was conditional upon whether defendant "truthfully admits his involvement in the criminal conduct to which he is pleading guilty," and the government did not plainly breach that conditional obligation. We reject defendant's argument that the plea colloquy made the government's obligation unconditional; the change of plea transcript, read as a whole, convinces us that the district court adequately alerted defendant that his truthfulness would be a continuing question at sentencing. The district court properly refused the decrease for acceptance of responsibility based on its negative assessment of defendant's credibility and candor and its interpretation of defendant's ambiguous, rationalized, and qualified statements purporting to accept responsibility for the instant offense. See United States v. Ocasio-Rivera, 991 ___ _____________ _____________ F.2d 1, 5 (1st Cir. 1993). We will not second-guess that assessment and interpretation. Contrary to defendant's arguments, it does not appear that the district court -2- considered impermissible factors or engaged in improper speculation in that regard. In any event, we agree with the district court that defendant's statements did not demonstrate a clear acceptance of responsibility. Affirmed. See 1st Cir. Loc. R. 27.1. ________ ___ -3-